IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NEW WORLD TMT LIMITED,

    Plaintiff,

v.

INTELLAMBDA SYSTEMS, INC.,

    Defendant.

No. C 06-05564 SI

**ORDER GRANTING IN PART PLAINTIFF'S EX PARTE APPLICATION FOR ORDER AUTHORIZING SERVICE BY ALTERNATIVE METHODS**

On September 11, 2006, plaintiff New World TMT Limited filed this lawsuit against defendants Intellambda Systems, Inc., Welltime Industries, Ltd., and Jianpian "Tony" Qu alleging securities fraud and common law fraud. *See* Complaint. After defendants Intellamdba and Qu defaulted, the Court entered a default judgment ("Judgment") against them on October 19, 2007. *See* Judgment (Dkt. 75). Plaintiffs have since attempted, unsuccessfully, to satisfy that $97 million Judgment.

In anticipation of filing their forthcoming motion to amend the Judgment to include additional judgment debtors, plaintiff has filed an ex parte application for an order authorizing service via mail on the proposed additional judgment debtors' last known addresses and by personal service. *See* Ex Parte Application (Dkt. 80), at 15. On March 6, 2013, the Court held a telephonic conference with plaintiff's counsel fto discuss the application. Plaintiff argues that a court order authorizing service is appropriate under either Federal Rule of Civil Procedure ("Rule") 5(a) or Rule 4(f)(3), and is necessary given the unique circumstances and facts of this case.

First, Rule 5 generally requires that written motions be served on every party, *see* Fed. R. Civ. P. 5(a)(1), but notes that service is not required "on a party who is in default for failing to appear," *id.* at 5(a)(2). Nonetheless, plaintiff has requested that the Court specifically authorize service on the

1  additional judgment debtors under Rule 5. In a related California state court proceeding, in which
2  plaintiff also seeks to satisfy a judgment against many of the same proposed judgment debtors as here,
3  some judgment debtors have contested enforcement of that judgment on the grounds that they were not
4  properly given notice or an opportunity to oppose their addition as debtors. *See* Appl. at 7 (Dkt. 80);
5  Murray Decl., ¶ 7, Ex. A, *New World TMT Ltd. v. PrediWave Corp.*, Case No. 1-04-CV-020369 (Santa
6  Clara County Court). Plaintiff has apparently had difficulty completing service in that case. However,
7  plaintiff has not actually attempted service in this case on these additional judgment debtors.

8  The Court is without authority to preemptively issue an order approving of a method of service
9  prior to the service or contestation of service under Rule 5. Indeed, to do so would likely amount to an
10 unconstitutional advisory opinion. The United States Constitution limits the jurisdiction of the federal
11 courts to the adjudication of actual "cases" or "controversies." U.S. Const., Art. III, § 2. Federal courts
12 must refrain from deciding abstract or hypothetical controversies and from rendering impermissible
13 advisory opinions with respect to such controversies. *Flast v. Cohen*, 392 U.S. 83, 88 (1968); *see also*
14 *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937). "[A] federal court has neither the power
15 to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case
16 before them. Its judgment must resolve a real and substantial controversy admitting of specific relief
17 through a decree of a conclusive character, as distinguished from an opinion advising what the law
18 would be upon a hypothetical state of facts." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975).
19 Accordingly, because plaintiff has not yet served the additional judgment creditors, and there is no basis
20 in Rule 5 for the Court to issue an order finding the method of service appropriate, the Court rejects
21 plaintiff's request for such an order.

22 Next, plaintiff argues that Rule 4(f)(3) authorizes the Court to issue an order authorizing service
23 on the additional judgment debtors. Plaintiff seeks to serve its motion to amend the Judgment on eight
24 proposed individuals judgment debtors and eighteen so-called "shell companies, of which three – Able
25 Well Holdings Limited, Fudosan Investment Limited and Logihigh Investments Limited – are located
26 in the Marshall Islands and not subject to the Hague Convention on the Service Abroad of Judicial and
27 Extrajudicial Documents ("Hague Convention").

28 Rule 4(f) governing service of summon on an individual in a foreign country, provides:

2

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>
>> (c) unless prohibited by the foreign country's law, by:
>>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

The Ninth Circuit has said that Rule 4(f) provides three independent and equally permissible grounds for serving foreign defendants. *See Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). That is, "Rule 4(f)(3) is merely one means among several which enables service of process on an international defendant." *Id.* Rule 4(f) should not be read to create a hierarchy where 4(f)(3) is seen as either as last resort or extraordinary relief. *Id.* at 1015. Whether to authorize service under 4(f)(3) is left to the "sound discretion" of the trial court, when it determines that the "particularities and necessities of a given case" require alternative service. *Id*. at 1016.

Plaintiff argues that time is of the essence due to a pending proceeding in Tokyo, Japan, yet plaintiff also admits that nearly all of the proposed judgment debtors are located in Hague Convention countries, where plaintiff has made no attempt to serve them in this case. Nineteen are located in the British Virgin Islands: Accuremark International Limited; All Top Investments Limited; Ample Up Investments Limited; Ever Promise Investments Limited; Getway Investments Limited; Lautrey Management Limited; Newbest Properties Limited; Peak Ally Investments Limited; Precious Success Investments Limited; Reach Delight Investments Limited; Ryehill Investments Limited; Shining Palace Investments Limited; Starsign Investments Limited; Uptrade Investments Limited; Plentiworth Limited;

3

Summitmark; Proper Win Development Limited; Abulgd Management Limited; Evergold Management Limited. An additional three are located in Japan – Chi-Ping Chang, Jianli Qu, and Wei Wang – and two are located in China – Tong Danyuan and Liu Xiu Qing. Two proposed judgment debtors are located in Canada – Khoi Hoang and Ngo Duc Le – and one is located in San Jose, California – Wen Jun Shi. Defendants have made no showing that the "particularities and necessities" warrant alternative service, especially whether they have admittedly not attempted Hague Convention compliant service on any of the proposed judgment debtors in this case. Accordingly, the Court declines to specifically authorize service with respect to the Hague Convention proposed judgment debtors.

However, three proposed judgment debtors are located in the Marshall Islands, a non-signatory to the Hague Convention: Able Well Holdings Limited, Fudosan Investment Limited and Logihigh Investments Limited. Given the difficulty of serving those defendants and the unique timing issues identified in plaintiff's application, the Court finds that alternate service on these three proposed debtors is warranted. *See* Appl. at 17-18. Plaintiff proposes to serve these proposed judgment debtors via mail on their last known addresses. Such service, at their last known addresses, has been said to comport with due process because it would be reasonably calculated to provide the judgment debtors with notice and an opportunity to respond. *See Rio Properties, Inc.*, 284 F.3d at 1017 (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Accordingly, the Court hereby authorizes service by mail under Rule 4(f)(3) on the last known addresses of the Marshall Island proposed judgment debtors.[1]

**IT IS SO ORDERED.**

Dated: March 14, 2013

SUSAN ILLSTON
United States District Judge

---

[1] While Rule 4 generally pertains to service of summons on parties to a lawsuit, plaintiff has requested to serve a post-trial motion, not a summons. The Court notes, although it does not hold, that plaintiff's forthcoming motion to amend the judgment is similar to a summons, in that it would bring these entities into the lawsuit. This order authorizing alternative service is without prejudice to proposed judgment debtors' contestation of the service authorized herein.

4